APPEAL,CLOSED,TYPE−D

## U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:21−cv−01605−TJK

| | |
|---|---|
| CLYDE et al v. WALKER et al | Date Filed: 06/13/2021 |
| Assigned to: Judge Timothy J. Kelly | Date Terminated: 08/01/2022 |
| Cause: 42:1983 Civil Rights Act | Jury Demand: None |
| | Nature of Suit: 440 Civil Rights: Other |
| | Jurisdiction: U.S. Government Defendant |

**Plaintiff**

**ANDREW S. CLYDE**  represented by  **Earl N. Mayfield , III**
*Individually, and in his Official Capacity*  JURIS DAY, PLLC
*as a member of the U.S. House of*  10521 Judicial Drive
*Representatives*  Suite 200
Fairfax, VA 22030
703−268−5600
Fax: 703−268−5602
Email: tmayfield@jurisday.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**LOUIE GOHMERT**  represented by  **Earl N. Mayfield , III**
*Individually, and in his Official Capacity*  (See above for address)
*as a member of the U.S. House of*  *ATTORNEY TO BE NOTICED*
*Representatives*

**Plaintiff**

**LLOYD SMUCKER**  represented by  **Earl N. Mayfield , III**
*Individually, and in his Official Capacity*  (See above for address)
*as a member of the U.S. House of*  *ATTORNEY TO BE NOTICED*
*Representatives*

V.

**Defendant**

**WILLIAM J. WALKER**  represented by  **Douglas N. Letter**
*In his Official Capacity as Sergeant at*  U.S. HOUSE OF REPRESENTATIVES
*Arms of the U.S. House of*  Office of General Counsel
*Representatives*  5140 O'Neill House Office Building
Washington, DC 20515
202−225−9700
Email: douglas.letter@mail.house.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stacie Marion Fahsel**
UNITED STATES HOUSE OF

|  |  |
|---|---|
|  | REPRESENTATIVES<br>Office of General Counsel<br>5140 O'Neill House Office Building<br>Washington, DC 20515<br>202–590–0585<br>Email: stacie.fahsel@mail.house.gov<br>*TERMINATED: 07/29/2022* |
|  | **Todd Barry Tatelman**<br>U.S. HOUSE OF REPRESENTATIVES<br>Office of General Counsel<br>5140 O'Neill House Office Building<br>Washington, DC 20515<br>202–225–9700<br>Email: todd.tatelman@mail.house.gov<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **CATHERINE SZPINDOR**<br>*In her Official Capacity as Chief Administrative Officer of the U.S. House of Representatives* | represented by | **Douglas N. Letter**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Stacie Marion Fahsel**<br>(See above for address)<br>*TERMINATED: 07/29/2022*<br><br>**Todd Barry Tatelman**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 06/13/2021 | 1 | | COMPLAINT against All Plaintiffs ( Filing fee $ 402 receipt number ADCDC–8523296) filed by ANDREW CLYDE, LOUIE GOHMERT. (Attachments: # 1 Civil Cover Sheet, # 2 Summons Walker Summons, # 3 Summons Szpindor Summons)(Mayfield, Earl) (Entered: 06/13/2021) |
| 06/14/2021 | 2 | | MOTION Use Business/Attorney Address by ANDREW CLYDE, LOUIE GOHMERT. (Mayfield, Earl) (Entered: 06/14/2021) |
| 06/14/2021 | 3 | | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by ANDREW CLYDE, LOUIE GOHMERT (Mayfield, Earl) (Entered: 06/14/2021) |
| 06/14/2021 | | | NOTICE OF ERROR re 2 Motion for Miscellaneous Relief; emailed to tmayfield@jurisday.com, cc'd 0 associated attorneys –– The PDF file you docketed contained errors: 1. No signature. Please file the signed document using the event Errata. All filings must have an original signature or *'/s/ Attorney Name'* to represent an electronic signature of the filer., 2. **COMPLIANCE DEADLINE is by close of business today. This case will not proceed any further until all errors are satisfied.** (znmg, ) (Entered: 06/14/2021) |

| | | | |
|---|---|---|---|
| 06/14/2021 | 4 | | ERRATA *Signature Added* by ANDREW S. CLYDE, LOUIE GOHMERT re 2 MOTION Use Business/Attorney Address filed by LOUIE GOHMERT, ANDREW S. CLYDE. (Mayfield, Earl) (Entered: 06/14/2021) |
| 06/15/2021 | | | Case Assigned to Judge Timothy J. Kelly. (zsb) (Entered: 06/15/2021) |
| 06/15/2021 | 5 | | SUMMONS (2) Issued Electronically as to CATHERINE SZPINDOR, WILLIAM J. WALKER. (Attachment: # 1 Notice and Consent)(adh, ) (Entered: 06/15/2021) |
| 06/16/2021 | 6 | | STANDING ORDER. See Order for details. Signed by Judge Timothy J. Kelly on 6/16/2021. (lctjk1) (Entered: 06/16/2021) |
| 06/17/2021 | | | MINUTE ORDER granting Plaintiffs' 2 Motion to Use Business/Attorney Address. In light of the representations made in Plaintiffs' motion and that they are proceeding in part in their official capacities, it is hereby ORDERED that the motion is GRANTED. It is further ORDERED that Plaintiffs may use their official addresses in the caption of their complaint to comply with Local Civil Rule 11.1. Plaintiffs shall file an amended complaint doing so within 30 days. Signed by Judge Timothy J. Kelly on 6/17/2021. (lctjk1) (Entered: 06/17/2021) |
| 06/21/2021 | 7 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General June 21, 2021., RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 6/21/2021. ( Answer due for ALL FEDERAL DEFENDANTS by 8/20/2021.) (Attachments: # 1 Exhibit USPS delivery status)(Mayfield, Earl) (Entered: 06/21/2021) |
| 07/15/2021 | 8 | | Consent MOTION to Amend/Correct *Complaint* by ANDREW S. CLYDE, LOUIE GOHMERT. (Attachments: # 1 Exhibit Amended Complaint, # 2 Exhibit Redlined Amended Complaint)(Mayfield, Earl) (Entered: 07/15/2021) |
| 07/15/2021 | | | MINUTE ORDER granting Plaintiffs' 8 Consent Motion to Amend Complaint. It is hereby ORDERED that the motion is GRANTED. The Clerk of Court is instructed to file ECF No. 8–1 on the docket as Plaintiffs' First Amended Complaint. Signed by Judge Timothy J. Kelly on 7/15/2021. (lctjk1) (Entered: 07/15/2021) |
| 07/15/2021 | 9 | | AMENDED COMPLAINT against CATHERINE SZPINDOR, WILLIAM J. WALKER filed by ANDREW S. CLYDE, LOUIE GOHMERT, LLOYD SMUCKER. (ztth) (Entered: 07/23/2021) |
| 08/10/2021 | 10 | | NOTICE of Appearance by Douglas N. Letter on behalf of CATHERINE SZPINDOR, WILLIAM J. WALKER (Letter, Douglas) (Entered: 08/10/2021) |
| 08/10/2021 | 11 | | NOTICE of Appearance by Todd Barry Tatelman on behalf of CATHERINE SZPINDOR, WILLIAM J. WALKER (Tatelman, Todd) (Entered: 08/10/2021) |
| 08/10/2021 | 12 | | NOTICE of Appearance by Stacie Marion Fahsel on behalf of CATHERINE SZPINDOR, WILLIAM J. WALKER (Fahsel, Stacie) (Entered: 08/10/2021) |
| 08/10/2021 | 13 | | Consent MOTION for Extension of Time to *Respond to Plaintiffs' First Amended Complaint* by CATHERINE SZPINDOR, WILLIAM J. WALKER. (Letter, Douglas) (Entered: 08/10/2021) |

| | | | |
|---|---|---|---|
| 08/11/2021 | | | MINUTE ORDER granting Defendants' 13 Consent Motion for Extension of Time to Respond to Plaintiffs' First Amended Complaint. It is hereby ORDERED, for good cause shown, that the motion is GRANTED. Defendants shall respond to Plaintiffs' 9 First Amended Complaint by September 3, 2021. Signed by Judge Timothy J. Kelly on 8/11/2021. (lctjk1) (Entered: 08/11/2021) |
| 09/03/2021 | 14 | | MOTION to Dismiss for Lack of Jurisdiction , MOTION to Dismiss *for Failure to State a Claim* by CATHERINE SZPINDOR, WILLIAM J. WALKER. (Attachments: # 1 Text of Proposed Order)(Letter, Douglas) (Entered: 09/03/2021) |
| 09/17/2021 | 15 | | Memorandum in opposition to re 14 MOTION to Dismiss for Lack of Jurisdiction MOTION to Dismiss *for Failure to State a Claim* filed by ANDREW S. CLYDE, LOUIE GOHMERT, LLOYD SMUCKER. (Mayfield, Earl) (Entered: 09/17/2021) |
| 09/24/2021 | 16 | | REPLY to opposition to motion re 14 MOTION to Dismiss for Lack of Jurisdiction MOTION to Dismiss *for Failure to State a Claim* filed by CATHERINE SZPINDOR, WILLIAM J. WALKER. (Letter, Douglas) (Entered: 09/24/2021) |
| 12/07/2021 | 17 | | MOTION for Hearing re 16 Reply to opposition to Motion, 15 Memorandum in Opposition, 14 MOTION to Dismiss for Lack of Jurisdiction MOTION to Dismiss *for Failure to State a Claim* by ANDREW S. CLYDE, LOUIE GOHMERT, LLOYD SMUCKER. (Mayfield, Earl) (Entered: 12/07/2021) |
| 12/08/2021 | 18 | | RESPONSE re 17 MOTION for Hearing re 16 Reply to opposition to Motion, 15 Memorandum in Opposition, 14 MOTION to Dismiss for Lack of Jurisdiction MOTION to Dismiss *for Failure to State a Claim* filed by CATHERINE SZPINDOR, WILLIAM J. WALKER. (Letter, Douglas) (Entered: 12/08/2021) |
| 01/24/2022 | 19 | | NOTICE OF SUPPLEMENTAL AUTHORITY by CATHERINE SZPINDOR, WILLIAM J. WALKER (Letter, Douglas) (Entered: 01/24/2022) |
| 07/29/2022 | 20 | | NOTICE OF WITHDRAWAL OF APPEARANCE as to CATHERINE SZPINDOR, WILLIAM J. WALKER. Attorney Stacie Marion Fahsel terminated. (Fahsel, Stacie) (Entered: 07/29/2022) |
| 08/01/2022 | 21 | | ORDER granting Defendants' 14 Motion to Dismiss and denying Plaintiffs' 17 Motion for Hearing. See Order for details. Signed by Judge Timothy J. Kelly on 08/01/2022. (lctjk2) (Entered: 08/01/2022) |
| 08/01/2022 | 22 | | MEMORANDUM OPINION in support of 21 Order granting Defendants' 14 Motion to Dismiss and denying Plaintiffs' 17 Motion for Hearing. Signed by Judge Timothy J. Kelly on 08/01/2022. (lctjk2) (Entered: 08/01/2022) |
| 08/29/2022 | 23 | | ENTERED IN ERROR.....NOTICE *of Appeal* by ANDREW S. CLYDE, LOUIE GOHMERT, LLOYD SMUCKER re 22 Memorandum & Opinion, 21 Order on Motion to Dismiss/Lack of Jurisdiction,, Order on Motion for Hearing (Mayfield, Earl); Modified on 8/29/2022 (ztth). (Entered: 08/29/2022) |
| 08/29/2022 | | | NOTICE OF ERROR re 23 Notice (Other); emailed to tmayfield@jurisday.com, cc'd 3 associated attorneys –– The PDF file you docketed contained errors: 1. **Please note the following deficiency and file/refile document as instructed**, 2. Incorrect event used; document must be filed in PDF format. Modified on |

|  |  |  | 9/30/2022 (ztth). (Entered: 08/29/2022) |
|---|---|---|---|
| 09/30/2022 | 24 |  | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 22 Memorandum & Opinion, 21 Order on Motion to Dismiss/Lack of Jurisdiction,, Order on Motion for Hearing by ANDREW S. CLYDE, LOUIE GOHMERT, LLOYD SMUCKER. Filing fee $ 505, receipt number ADCDC−9567155. Fee Status: Fee Paid. Parties have been notified. (Mayfield, Earl) (Entered: 09/30/2022) |

Andrew Clyde, Louie Gohmert, Lloyd Smucker
          Plaintiff

vs.                                    Civil Action No. 21-1605 (TJK)

William Walker, Catherine Szpindor
          Defendant

## NOTICE OF APPEAL

Notice is hereby given this 29 day of August, 20 22, that Plaintiffs Andrew Clyde, Louie Gohmert, and Lloyd Smucker hereby appeals to the United States Court of Appeals for the District of Columbia Circuit from the judgment of this Court entered on the 1st day of August, 20 22 in favor of Defendants William Walker and Catherine Szpindor against said Plaintiffs.

                    Earl N. "Trey" Mayfield
                    Attorney or Pro Se Litigant
Juris Day, PLLC
10521 Judicial Dr., #200
Fairfax, VA 22030
703-268-5600

                    Address and Phone Number

(Pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure a notice of appeal in a civil action must be filed within 30 days after the date of entry of judgment or 60 days if the United States or officer or agency is a party)

**CLERK** Please mail copies of the above Notice of Appeal to the following at the addresses indicated:

DOUGLAS N. LETTER
General Counsel
OFFICE OF GENERAL COUNSEL
U.S. HOUSE OF REPRESENTATIVES
5140 O' Neill House Office Building
Washington, DC 20515
(202) 225-9700
douglas.letter@mail.house.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREW S. CLYDE et al.,<br><br>    *Plaintiffs*,<br><br>v.<br><br>WILLIAM J. WALKER et al.,<br><br>    *Defendants*. | Civil Action No. 21-1605 (TJK) |

## **ORDER**

For the reasons set forth in the Memorandum Opinion accompanying this Order, it is hereby **ORDERED** that Plaintiffs' Motion for Hearing, *see* ECF No. 15 at 43; ECF No. 17, is **DENIED**. It is further **ORDERED** that Defendants' Motion to Dismiss, ECF No. 14, is **GRANTED**. This case is hereby **DISMISSED**.

This is a final, appealable Order. The Clerk of the Court is directed to close the case.

    **SO ORDERED**.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: August 1, 2022

ANDREW S. CLYDE et al.,

    *Plaintiffs*,

v.

WILLIAM J. WALKER et al.,

    *Defendants*.

Civil Action No. 21-1605 (TJK)

## MEMORANDUM OPINION

Three Members of the United States House of Representatives sued the Sergeant at Arms of the House of Representatives and the Chief Administrative Officer of the House of Representatives—collectively, the "House Officers"—to challenge a House Rule requiring Members to pass through security screening before entering the House Chamber in the United States Capitol. The House Officers move to dismiss. As explained further below, the Constitution's Speech or Debate Clause bars the Members' claims, so the Court will grant the House Officers' motion and dismiss this case for lack of subject matter jurisdiction.

**I.    Background**

This Court and others have recounted the details about the attack on the United States Capitol on January 6, 2021. *See, e.g.*, *Republican Nat'l Committee v. Pelosi*, No. 22-cv-659 (TJK), 2022 WL 1294509, at *1 (D.D.C. May 1, 2022); *Trump v. Thompson*, 20 F.4th 10, 17–19 (D.C. Cir. 2021). About a week after that, Acting Sergeant at Arms of the House of Representatives Timothy Paul Blodgett issued a memorandum requiring House Members, among others, to undergo security screening when entering the House Chamber inside the Capitol. *See* 167 Cong. Rec. H119, H119 (daily ed. Jan. 11, 2021); ECF No. 14 at 13 & n.4.

On February 2, 2021, the House adopted House Resolution 73, formally imposing this security-screening requirement and establishing a protocol for its enforcement. *See* H.R. Res. 73, 117th Cong. § 1(a)(1), 167 Cong. Rec. H265, H274–75 (daily ed. Feb. 2, 2021). The Resolution instructs the Sergeant at Arms to fine a Member failing to comply with the security-screening requirement $5,000 for a first offense and $10,000 for any subsequent offense. *Id.* § 1(a)(2). Any Member fined may appeal the fine to the House Committee on Ethics, and such fine will be upheld "unless the appeal is agreed to by a majority of the Committee." *Id.* § 1(b)(1), (b)(2). If the fine is upheld and the Member does not pay it within a certain period, the Chief Administrative Officer of the House of Representatives—Catherine Szpindor, at all times relevant here, *see* 167 Cong. Rec. H1, H9 (daily ed. Jan. 3, 2021)—is instructed to "deduct the amount of the fine from the net salary otherwise due the Member." H.R. Res. 73, § 1(c)(1). The Resolution authorizes the Sergeant at Arms and the Chief Administrative Officer to "establish policies and procedures" to implement it. *Id.* § 1(e). The Acting Sergeant at Arms allegedly implemented the Resolution by installing freestanding magnetometers at the entrances to the House Chamber and equipping security personnel stationed at those entrances with handheld magnetometers. ECF No. 9 ¶ 11.

On February 3, Representative Andrew Clyde allegedly entered the House Chamber without passing through a magnetometer or being screened by security personnel, and a few days later the Acting Sergeant at Arms issued him a $5,000 fine for violating the Resolution. ECF No. 9 ¶ 12. On February 5, Representative Clyde allegedly entered the House Chamber by passing through a magnetometer, but he refused to be "detained for a secondary screening" by security personnel, and a few days later the Acting Sergeant at Arms issued him a $10,000 fine for violating the Resolution. *Id.* ¶ 18. Representative Clyde appealed the fines, but the Committee on Ethics upheld them. *Id.* ¶ 19.

On February 4, Representative Louie Gohmert allegedly went through security screening "without incident" before entering the House Chamber, later exited the House Chamber briefly "in full view" of the security personnel stationed at that exit, then reentered the House Chamber without submitting to another security screening. ECF No. 9 ¶ 21. The next day, the Acting Sergeant at Arms issued him a $5,000 for violating the Resolution. *Id.* ¶ 22. Representative Gohmert appealed the fine, but the Committee on Ethics upheld it. *Id.* ¶ 23.

On May 19, Representative Lloyd Smucker allegedly entered the House Chamber hurriedly to vote on a bill he feared he had "only seconds" left to vote on, telling security personnel stationed at the entrance he passed through that he would vote "within their line of sight" and then return to go through security screening. ECF No. 9 ¶ 24.[1] The next day, the Sergeant at Arms—by then, William J. Walker had been sworn into the office, *see* 167 Cong. Rec. H2111, H2111 (daily ed. Apr. 26, 2021)—issued him a $5,000 fine for violating the Resolution. ECF No. 9 ¶ 25. Representative Smucker appealed the fine, but the Committee on Ethics upheld it. *Id.* ¶ 26.

Representatives Clyde, Gohmert, and Smucker then sued the Sergeant at Arms and the Chief Administrative Officer in their official capacities. ECF No. 9 at 1–2; *id.* ¶¶ 4–5. They brought three constitutional claims to challenge implementation of the Resolution: (1) a claim against the Sergeant at Arms under the Arrest Clause, *id.* ¶¶ 38, 40–41 (discussing U.S. Const. art. I, § 6, cl. 1); (2) a claim against the Sergeant at Arms under the Discipline Clause, *id.* ¶¶ 37, 39, 41 (discussing U.S. Const. art. I, § 5, cl. 2); and (3) a claim against both the Sergeant at Arms and the Chief Administrative Officer under the Twenty-Seventh Amendment, *id.* ¶¶ 30–31, 34 (discussing U.S. Const. amend. XXVII). They sought declaratory and injunctive relief. *Id.* ¶¶ 35, 41.

---

[1] Several Members, including Representative Clyde, have allegedly missed votes because the security screening delayed their entry into the House Chamber. ECF No. 9 ¶¶ 28–29.

The House Officers move to dismiss, arguing that the Speech or Debate Clause of Article I, Section 6 of the Constitution deprives this Court of subject matter jurisdiction over the Members' claims and that, even if not, the Members have failed to state a claim. *See* ECF No. 14. The Members oppose the motion. *See* ECF No. 15.[2]

## II. Legal Standard

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction," and the "party asserting jurisdiction" bears the burden of "establishing the contrary." *See id.*; *Moran v. U.S. Capitol Police Bd.*, 820 F. Supp. 2d 48, 53 (D.D.C. 2011) (citing *Lujan v. Def. of Wildlife*, 504 U.S. 555, 561 (1992)). The Court must dismiss an action if it lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1), (h)(3). When a defendant raises a jurisdictional immunity from suit as a bar to claims, the plaintiff must overcome that defense to avoid dismissal. *See Jackson v. Bush*, 448 F. Supp. 2d 198, 200 (D.D.C. 2006).

## III. Analysis

The House Officers move to dismiss the Members' claims against them for lack of subject matter jurisdiction under the Speech or Debate Clause. The Clause bars the Members' claims, so the Court will grant the motion and dismiss the case for lack of subject matter jurisdiction.

The Speech or Debate Clause provides that "for any Speech or Debate in either House, [Senators and Representatives] shall not be questioned in any other Place." U.S. Const. art. I, § 6,

---

[2] The Members also move for a hearing on the motion. ECF No. 15 at 43; ECF No. 17; *see* LCvR 7(f). Whether to conduct one is "within the discretion of the Court." LCvR 7(f). Here, holding a hearing will not assist the Court's resolution of the motion because the parties' filings sufficiently address the clear, purely legal issues presented. *See Ndoromo v. Barr*, 486 F. Supp. 3d 388, 395 (D.D.C. 2020); *Borum v. Brentwood Vill., LLC*, No. 16-cv-1723 (RC), 2020 WL 1508906, at *15 n.25 (D.D.C. Mar. 30, 2020). Thus, the Court will deny the Members' motion.

cl. 1.  Its purpose is "to preserve the independence and thereby the integrity of the legislative process."  *United States v. Brewster*, 408 U.S. 501, 524 (1972).  It "serves the additional function of reinforcing the separation of powers so deliberately established by the Founders."  *Eastland v. U.S. Servicemen's Fund*, 421 U.S. 491, 502 (1975) (internal quotation marks omitted).  When it applies, the Clause provides "absolute immunity from civil suit," including suits seeking only declaratory or injunctive relief, even in the face of allegations that the challenged actions were nefariously motivated or violated the Constitution.  *See Rangel v. Boehner*, 785 F.3d 19, 23 (D.C. Cir. 2015); *Eastland*, 421 U.S. at 496, 502–03, 508–10.  And in our Circuit, the Clause is a subject matter jurisdictional bar.  *See Judicial Watch, Inc. v. Schiff*, 998 F.3d 989, 993 (D.C. Cir. 2021).

It is "well established that the Clause's protections extend to Congressional aides and staff."  *McCarthy v. Pelosi*, 5 F.4th 34, 39 (D.C. Cir. 2021), *cert. denied*, 142 S. Ct. 897 (2022); *see also Eastland*, 421 U.S. at 495, 512; *Rangel*, 785 F.3d at 25.  This is because the "key consideration" under the Clause "is the act presented for examination, not the actor."  *McCarthy*, 5 F.4th at 39 (internal quotation marks omitted).

As for the acts protected by the Clause, the "Supreme Court has consistently read the Speech or Debate Clause 'broadly' to achieve its purposes."  *See Rangel*, 785 F.3d at 23 (quoting *Eastland*, 421 U.S. at 501).  Thus, although the Clause speaks of "Speech or Debate," it protects all "legislative acts."  *Doe v. McMillan*, 412 U.S. 306, 312 (1973).  And "legislative acts for purposes of Speech-or-Debate-Clause immunity include both (i) matters pertaining 'to the consideration and passage or rejection of proposed legislation,' and (ii) 'other matters which the Constitution places within the jurisdiction of either House.'"  *McCarthy*, 5 F.4th at 40 (quoting *Gravel v. United States*, 408 U.S. 606, 625 (1972)).  In other words, whether an act is protected by the Clause turns

5

on whether the act is "integral" to the "business" constitutionally committed to the House—legislating, of course, but also other matters such as executing internal rules and disciplining Members. *See Walker v. Jones*, 733 F.2d 923, 929 (D.C. Cir. 1984); *see also Consumers Union of U.S., Inc. v. Periodical Correspondents' Ass'n*, 515 F.2d 1341, 1343, 1351 (D.C. Cir. 1975) (citing the Rulemaking Clause, U.S. Const. art. I, § 5, cl. 2); *Rangel*, 785 F.3d at 23 (citing the Discipline Clause, U.S. Const. art. I, § 5, cl. 2).

Here, each challenged act of the House Officers qualifies as a legislative act. *See Gravel*, 408 U.S. at 625. Thus, the Speech or Debate Clause bars the Members' claims.

First, the Members assert that the security screening violates the Arrest Clause because it is an "arrest" absent "treason," "felony," or "breach of the peace." *See* U.S. Const. art. I, § 6, cl. 1 ("The Senators and Representatives . . . shall in all cases, except treason, felony and breach of the peace, be privileged from arrest during their attendance at the session of their respective Houses, and in going to and returning from the same . . . ."). But this security screening is a legislative act. For one, being performed at the entrances to the House Chamber, the security screening regulates "the very atmosphere in which lawmaking deliberations occur," which courts have found makes an act legislative. *See Walker*, 733 F.2d at 930 (discussing *Consumers Union*, 515 F.2d at 1347 & n.12, 1350); *see also Massie v. Pelosi*, --- F. Supp. 3d ----, 2022 WL 703942, at *12–14 (D.D.C. Mar. 9, 2022), *appeal docketed*, No. 22-5058 (D.C. Cir. Mar. 14, 2022) (concluding the same about a House mask mandate inside the House Chamber). Also, the screening is done in "execution of internal rules" of the House—the Resolution. *See Consumers Union*, 515 F.2d at 1351. And the "'execution of internal rules'" like this one "is 'legislative.'" *See Rangel*, 785 F.3d at 24 (quoting *Consumers Union*, 515 F.2d at 1351). Thus, the security screening qualifies as a legislative act,

and the Members' Arrest Clause claim against the Sergeant at Arms is barred. *See McCarthy*, 5 F.4th at 40.

Second, the Members assert that fining them for violating the Resolution amounts to "punish[ment]" absent any "disorderly behavior" and thus is unconstitutional under the Discipline Clause. *See* U.S. Const. art. I, § 5, cl. 2 ("Each House may . . . punish its members for disorderly behavior . . . ."). But imposing these fines also qualifies as a legislative act. At the very least, this is so because the fines are imposed in "execution of internal rules" of the House and to discipline Members for violating those internal rules. *See Consumers Union*, 515 F.2d at 1351; *Rangel*, 785 F.3d at 24. Also, the fines are an integral "part of the scheme" that the House has adopted to regulate "Members' behavior" in the lawmaking "'atmosphere'"—it is the mechanism that the House has chosen to enforce the security-screening requirement. *See Massie*, 2022 WL 703942, at *11–12, *14 (quoting *Walker*, 733 F.2d at 930). That the fines at issue were subsequently "ratified" by the House Committee on Ethics confirms "their occurrence within the scope of the legislative process." *See Consumers Union*, 515 F.2d at 1351. Thus, the imposition of these fines is a legislative act, and the Members' Discipline Clause claim against the Sergeant at Arms is barred. *See McCarthy*, 5 F.4th at 40.

Third, the Members assert that imposing fines on them and then deducting those fines from their salaries "var[ies]" their "compensation" before an "election of Representatives . . . intervened" following adoption of the "law" under which the fines are imposed and deducted, violating the Twenty-Seventh Amendment. *See* U.S. Const. amend. XXVII ("No law varying the compensation for the services of the Senators and Representatives shall take effect, until an election of Representatives shall have intervened."). But these actions too qualify as legislative acts. As just discussed, the fines are imposed in "execution of internal rules" of the House and to discipline

7

Members for violating those internal rules, as is the assessment of the fines. *See Consumers Union*, 515 F.2d at 1351; *Rangel*, 785 F.3d at 24. Further, the imposition and deduction of these fines are an integral "part of the scheme" that the House has adopted to regulate "Members' behavior" in the lawmaking "'atmosphere'"—they are the mechanisms that the House has chosen to enforce the security-screening requirement. *See Massie*, 2022 WL 703942, at *11–12, *14 (quoting *Walker*, 733 F.2d at 930). Thus, the House Officers' imposition and assessment of fines are "legislative acts," and the Members' Twenty-Seventh Amendment claim against the House Officers is barred. *See McCarthy*, 5 F.4th at 40.

The Members raise several counterarguments, but all are foreclosed by precedent.

First, the Members contend that the acts they challenge—"security screening" and "administering payroll"—are not legislative acts for Speech or Debate Clause purposes because they are "administrative functions." ECF No. 15 at 16, 19. Without question, "[a]uxiliary services" provided by congressional staff that are "not closely connected to the business" constitutionally committed to the House—for example, attending to "food service, medical care, physical fitness needs, parking, and haircutting" for Members—do not qualify as legislative acts even though they "promote [legislators'] comfort and convenience in carrying out Article I business." *See Walker*, 733 F.2d at 929, 931. But in characterizing the acts they challenge as generic "administrative functions of security and payroll," the Members ignore their context. *See* ECF No. 15 at 19. As discussed above, the security screening, fining, and salary deductions challenged here have a direct nexus to, and are part of an overall scheme regulating, Members' behavior in the lawmaking atmosphere on the House floor. *See also Massie*, 2022 WL 703942, at *12–14. Thus, these acts qualify as legislative acts even though, considered at a high degree of generality and divorced from their context, they are "administrative functions."

Second, invoking a line of authority, the Members assert that the Court should distinguish between "legislative acts and execution thereon" in determining whether the Clause applies. ECF No. 15 at 22–25 (discussing *Gravel*, 408 U.S. 606; *Powell v. McCormack*, 395 U.S. 486 (1969); *Dombrowski v. Eastland*, 387 U.S. 82 (1967) (per curiam); *Kilbourn v. Thompson*, 103 U.S. 168 (1880); and *Walker*, 733 F.2d 923). They argue that while "Members of Congress may have immunity for discussing and voting for an unconstitutional rule," "congressional employees . . . are not immune from a judicial order forbidding the implementation of such a rule." ECF No. 15 at 25.

Recently, however, other House Members relied on this same line of cases to make this same argument—unsuccessfully. *See, e.g.*, *McCarthy*, 5 F.4th at 40–41; *Massie*, 2022 WL 703942, at *13. In *McCarthy*, for instance, in the face of a constitutional challenge brought by some House Members to another House resolution, the D.C. Circuit rejected the argument that "the acts of voting on and adopting the Resolution lie within the Clause's zone of immunity, but acts undertaken in implementing the Resolution do not." 5 F.4th at 40–41. It did so because, it held, the "salient distinction under the Speech or Debate Clause is not between enacting legislation and executing it" but between "legislative acts and non-legislative acts." *Id.* at 41. The *McCarthy* court thus concluded that the Clause encompasses the "execution" of congressional directives so long as the "executing actions themselves constitute legislative acts." *Id*. And it explained that the line of authority in question establishes only that "conduct carrying out" congressional directives "is beyond the Speech or Debate Clause's compass when it is not itself a legislative act." *See id.*[3] As discussed above, the steps the House Officers took to carry out the Resolution qualify as

---

[3] The *McCarthy* court discussed *Walker*, *see McCarthy*, 5 F.4th at 40, but it did not explicitly address the *Walker* court's observation, relied on by the Members here, that the "execution of a

"legislative acts" themselves. *See McCarthy*, 5 F.4th at 41. Thus, the Clause "encompasses the[ir] execution" of the Resolution. *See id.*; *see also Massie*, 2022 WL 703942, at *13–14.

Third, the Members argue that "House rules are susceptible to judicial review" under *United States v. Ballin*, 144 U.S. 1 (1892), and its progeny whenever a House rule is alleged to "ignore constitutional restraints," "violate fundamental rights," or lack "a reasonable relation between the mode or method of proceeding established by the rule and the result which is sought to be attained." ECF No. 15 at 13–15 (quoting *Ballin*, 144 U.S. at 5). This is true, at times—but not when the Speech or Debate Clause bars the challenge. *Consumers Union*— on which the Members rely to make this argument, *see* ECF No. 15 at 13—shows as much. 515 F.2d 1341.[4] There, the

---

decision, even if the decision itself is properly called 'legislative,' is not cloaked with Speech or Debate immunity" because "execution or carrying out directions post-dates what the Clause protects—the *process* leading up to the issuance of legislative directions," *see Walker*, 733 F.2d at 932. That said, the *McCarthy* court considered the same line of cases from which the *Walker* court derived that observation and concluded that it did not establish the per se decision/execution distinction that the Members urge here. *Compare McCarthy*, 5 F.4th at 40–41, *with Walker*, 733 F.2d at 931–32 & n.11. The Court reads *Walker* consistently with *McCarthy* to mean only that acts that execute legislative acts are not automatically protected under the Clause "merely because" the executing acts "relate to the underlying decision." *See Walker*, 733 F.2d at 943 (MacKinnon, J., concurring in part and dissenting in part) (agreeing with and restating the "majority's distinction"). However, acts that execute legislative acts *are* protected under the Clause when the executing acts themselves are also legislative acts. *See McCarthy*, 5 F.4th at 41. Further, reading *Walker* this way reconciles it with *Consumers Union*, which considered the same line of authority yet "spoke of the Clause's applicability to conduct 'enforcing internal rules of Congress' or 'executing . . . internal rules,'" thus precluding a per se decision/execution distinction. *See McCarthy*, 5 F.4th at 41 (brackets omitted) (quoting *Consumers Union*, 515 F.2d at 1350–51). In any event, *Consumers Union* predates *Walker*, so the Court must follow *Consumers Union* to the extent *Walker* conflicts with it on this point. *See, e.g.*, *Sierra Club v. Jackson*, 648 F.3d 848, 854 (D.C. Cir. 2011).

[4] The Members also rely on *Boehner v. Anderson*, 30 F.3d 156, 160 (D.C. Cir. 1994), to argue that their claims are "judicially cognizable." *See* ECF No. 15 at 14, 19–20. The *Boehner* court held that a Member of Congress had standing to bring a Twenty-Seventh Amendment claim against the Clerk of the House of Representatives (among others), and it did not exercise its "equitable discretion" to decline jurisdiction. 30 F.3d at 160–61. But it did not hold that the claim was justiciable even though the Speech or Debate Clause applied. In fact, the Clerk apparently never invoked the Clause because the *Boehner* court never even considered whether it applied. *Id.* at 161.

court suggested that the plaintiff's constitutional challenge to a congressional rule might have been justiciable under *Ballin*—but even so, it could "not reach the merits" of that challenge because "despite the claim of constitutional violation," the Clause rendered the matter "yet nonjusticiable." *See id.* at 1347–48, 1348 n.16. *McCarthy* reinforces this point. 5 F.4th 34. The *McCarthy* court held that the Clause barred the suit without considering the merits of the House Members' constitutional challenge to the House resolution at issue in that case. *Id.* at 38–41; *see also Rangel*, 785 F.3d at 23–24 (holding that the Clause barred a constitutional challenge to a House disciplinary proceeding because the proceeding was "a 'legislative' matter that 'the Constitution places within the jurisdiction of [the] House,'" without addressing the merits of the challenge (quoting *Gravel*, 408 U.S. at 625)). Thus, where, as here, the Clause applies, judicial review is precluded even if it would otherwise be available under *Ballin*.

## IV. Conclusion

For these reasons, the Court will dismiss this case for lack of subject matter jurisdiction. A separate order will issue.

/s/ Timothy J. Kelly  
TIMOTHY J. KELLY  
United States District Judge

Date: August 1, 2022